OPINION
{¶ 1} Michael G. Harrier is appealing from a decision by the Dayton Municipal Court finding him guilty of Attempted Petty Theft after his no-contest plea to this charge, which had been amended as part of a plea agreement from a charge of Petty Theft. Mr. Harrier's sole assignment of error is as follows:
 {¶ 2} "The trial court committed reversible error when it did not put orally on the record an explanation of circumstances to support each element of the charge of attempted petty theft before the trial court found the appellant guilty on the appellant's no contest plea."
 {¶ 3} R.C. 2937.07 requires that there be an "explanation of circumstances" before a trial court judge may make a finding of guilty on a no-contest plea in misdemeanor cases. There is no question here, and the State concedes, that no explanation of circumstances was made in this case before the trial court issued its finding of guilty. Thus, there is essentially no disagreement that the judgment should be reversed.
 {¶ 4} The only issue really argued by the parties is whether the case should be remanded for further proceedings, which presumably would include an explanation of circumstances, or whether the defendant should be discharged and the case ended. The State makes a clever argument that a finding of no explanation of circumstances is different from a finding of insufficient explanation of circumstances, and only in the latter case should double jeopardy attach because there has been some semblance of a purported trial, whereas in here, there has been no semblance of even purported trial and jeopardy should not attach.
 {¶ 5} The defendant argues, and we agree, that the foregoing is a distinction without a difference. Furthermore, this court has gone on record that when there is nothing in the nature of an explanation of circumstances in the record, upon which the trial court could predicate a finding of guilty, its duty was to find the defendant not guilty upon his plea of no contest. Jeopardy attached the instant defendant entered his no contest plea. State v. Stewart (June 10, 2004), Montgomery App. No. 19971, 2004 W.L. 1352628, citing the earlier Second District Court case of State v. Klepinger (Nov. 23, 1998), Greene App. No. 98-CA-24.
 {¶ 6} Thus, pursuant to our precedent in this District, we hereby reverse the judgment of the trial court and discharge the defendant.
Grady and Donovan, JJ., concur.